**RUSSELL LAW, PC**
L. David Russell (Cal. Bar No. 260043)
david@russelllawpc.com
1500 Rosecrans Ave., Suite 500
Manhattan Beach, California 90266
Telephone: (323) 638-7551
Fax: (323) 760-7458

*Attorneys for Plaintiff Physician Laboratories, Inc.*

**UNITED STATES DISTRICT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHYSICIAN LABORATORIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHOPEX INN LTD; and DOES 1 through 100 inclusive, <br><br> Defendants. | Case No.:  8:24-cv-2171 <br><br> **COMPLAINT** <br><br> 1. Violation of the Lanham Act—Federal Unfair Competition (15 U.S.C. § 1125) <br><br> 2. Violation of the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) <br><br> 3. Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Physician Laboratories, Inc. ("Plaintiff" or "Physician Laboratories"), hereby complains against defendant Shopex Inn Ltd. ("Shopex") and DOES 1 through 100 inclusive (collectively "Defendants"), and alleges as follows:

## I. PARTIES

1. Plaintiff Physician Laboratories is a corporation licensed to do business in California with its principal place of business located in Irvine, California. Physician Laboratories operates a business selling skin care products.

2. Defendant Shopex is a Private limited Company incorporated under the laws of the United Kingdom with its principal place of business located in West Midlands, United Kingdom. Shopex runs a business which sells goods over the internet. One of the online stores Shopex operates is an Amazon storefront named Shopex USA. Using this Amazon storefront, Shopex purposely and intentionally offered and sold goods to consumers in California, including consumers in this District. Shopex also caused orders to its Amazon storefront to be fulfilled and goods shipped to consumers in California, including to consumers in this District. Upon information and belief, Shopex (and/or entities it operates and/or controls) operates similar online stores on Ebay and Walmart.com.

3. Defendants Does 1 through 100, inclusive, and each of them, are sued herein under said fictitious names. On information and belief, Doe Defendants are all corporations or other business entities incorporated under the laws of foreign countries and with principal places of business located in foreign countries which operate Amazon, Walmart, and/or Ebay storefronts where they purposely and intentionally offer and sell goods to consumers in California, including consumers in this District. On information and belief, Does 1 through 100 also cause orders to their Amazon storefronts to be fulfilled and goods shipped to consumers in California, including to consumers in this District.

4. Plaintiff is ignorant as to the true names and capacities of the Doe Defendants, whether individual, corporate, associate, or otherwise, and therefore sues said Defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will request leave of Court to amend this complaint to state their true names and capacities herein.

5. Plaintiff is informed and believes and, on that basis, alleges that at all times mentioned herein, each Defendant was responsible in some manner or capacity for the occurrences herein alleged and that Plaintiff's damages, as herein alleged, were proximately caused by all said Defendants.

6. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, there existed a unity of interest and ownership among Defendants and each of them, such that any individuality and separateness between Defendants, and each of them, ceased to exist. Defendants and each of them were the successors-in-interest and/or alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated, and operated each other without any separate identity, observation of formalities, or other manner of division. To continue maintaining the façade of a separate and individual existence between and among Defendants, and each of them, would serve to perpetrate a fraud and an injustice.

7. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants and each of them were the agents, representatives, and/or employees of each other and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them were acting within the course and scope of said alternative personality, capacity, identity, agency, representation, and/or employment and were within the scope of their authority, whether actual or apparent.

8. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein, Defendants and each of them were the trustees, partners,

servants, joint venturers, shareholders, contractors, and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that said conduct was thereafter ratified by each and every other Defendant and that each of them is jointly and severally liable to Plaintiff.

## II.   JURISDICTION AND VENUE

9. Venue is properly in this judicial district because a substantial part of the events giving rise to this claim arose in this District, including the injuries that occurred.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121, because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051, et seq.  Additionally, this Court has federal diversity jurisdiction over all claims pursuant to 28 U.S.C. § 1332 because of complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.  This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367 because they are so related to Plaintiff's claims under Federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11. This Court has personal jurisdiction over Defendants because they regularly conducted business in California, including, without limitation, by operating Amazon storefronts through which they purposely and intentionally offered and sold goods to consumers in California, including consumers in this District, and by causing orders to their Amazon, Walmart or Ebay storefront to be fulfilled and goods shipped to consumers in California, including to consumers in this District.

### III. GENERAL ALLEGATIONS

**A. Physician Laboratories Sells Sebamed Products On Amazon, Walmart and Ebay And Complies With FDA Labeling Requirements.**

12. Sebamed is a brand of skin and hair products care products, including face and body washes, cleansers, shampoos, conditioners, and lotions. Since 2005, Physician Laboratories has been the exclusive distributor of Sebamed products in the United States.

13. In the United States, many of these Sebamed products are regulated by the United States Food and Drug Administration ("FDA") as cosmetics and/or over-the-counter ("OTC") drugs. The FDA has detailed labeling requirements for products that are cosmetics, products that are OTC drugs, as well as products that are both OTC drugs and cosmetics.

14. Cosmetics marketed in the United States are considered misbranded if their labeling: (a) is false or misleading; (b) does not state the name and address of the manufacturer, packer, or distributor; (c) does not state the net quantity of contents; (d) the required information is not stated prominently, with conspicuousness and in terms that it is read and understood by consumers under customary conditions of purchase and use the container or its fill is misleading. 21 U.S.C. § 362.

15. These rules require that information panels are required to have certain information, including directions for safe use, warnings, the name and place of business, the net quantity of contents. 21 U.S.C. § 362. To express the quantity of the contents, statements of weight and fluid measure must be expressed in terms of the U.S. gallons, quarters, pints, and ounce subdivisions. 21 CFR 701.13(b).

16. OTC drugs marketed in the United States are considered misbranded unless their labels state: (a) the name and place of business of the manufacturer, packer, or distributor; (b) an accurate statement of the quantity of the contents in

terms of weight, measure, or numerical count; (c) adequate directions for use; and (d) adequate warnings against use. 21 U.S.C. § 352. To express the quantity of the contents, statements of weight and fluid measure must be expressed in terms of the U.S. gallons, quarters, pints, and ounce subdivisions. 21 CFR 201.62. The label must also contain the active ingredients in each dosage unit. *Id.*

**B.   Defendants Re-Sell Sebamed Products Purchased Abroad That Fail To Comply FDA Labeling Requirements.**

17. Defendants sell Sebamed products (cosmetics, OTC drugs, and products that qualify as both) on Amazon, Ebay, and Walmart.com and other online retailers that they purchase in other countries. These products fail to comply with FDA labeling requirements in numerous ways, including that (a): they fail to state the name and address of the manufacturer, packer, or distributor; (b) they fail to state the net quantity of contents in terms of U.S measurements; (c) they fail to provide directions for safe use; (d) they fail to provide warnings; and (e) they fail to state the active ingredient(s) in OTC drugs.

18. As one example, Defendants sell—and have sold—a Sebamed product on Amazon where the labeling makes the claim that it is "Anti-Hairloss Shampoo." That product is misbranded for the reasons stated above, as well as that it makes claims about reducing hair loss violative of the requirements for advertising OTC drugs for external use as hair growers or for hair loss prevention. Physician Laboratories' corresponding product, called "Scalp Activating Shampoo," which complies with the FDA labeling requirements, does not make such claims.

19. Selling these goods gives Defendants an unfair competitive advantage, as they are not required to put warnings and information that may dissuade buyers from purchasing these products.

20. Additionally, Defendants advertise Sebamed products with FDA-compliant labels but actually sell products with non-conforming labels. Selling

these goods gives Defendants an unfair competitive advantage, as they are selling products that cost less to manufacture in that they do not comply with the FDA's labeling regime.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF THE LANHAM ACT —

## FEDERAL UNFAIR COMPETITION

## [15 U.S.C. § 1125]

(Against All Defendants)

21. Plaintiff repeats, realleges, and incorporates herein by this reference all prior allegations.

22. Defendants made false statements of fact in commercial advertisements on Amazon and other online retailers about their products.

23. These false statements actually deceived and had the tendency to deceive a substantial segment of their audience.

24. This deception was material, in that it was and is likely to influence the purchasing decision.

25. Defendants caused their false statement to enter interstate commerce.

26. Plaintiff has been injured and is likely to be injured in the future as a result of the false statement, by both a direct diversion of sales from itself to Defendants and by a lessening of the goodwill associated with its products.

27. Defendants' acts have caused and are continuing to cause irreparable injury to Plaintiff's goodwill and reputation. An award of money damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

28. Plaintiff is entitled to injunctive relief against Defendant, as well as all monetary relief and any other remedies available under the Lanham Act,

including but not limited to treble damages and/or actual profits, reasonable attorney's fees, costs, and prejudgment interest, and/or statutory damages.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FALSE ADVERTISING LAW

### [Cal. Bus. & Prof. Code §§ 17500, et seq.]

(Against All Defendants)

29. Plaintiff repeats, realleges, and incorporates herein by this reference all prior allegations.

30. Defendants disposed of personal property, Sebamed products they purchased in other countries, by selling them to consumers in California and throughout the United States.

31. As explained above, these products contained statements they knew were misleading or untrue.

32. Defendants knew, or in the exercise of reasonable care should have known, that the statements on these products were misleading or untrue.

33. Plaintiff has been injured and is likely to be injured in the future as a result of the false statement, by both a direct diversion of sales from itself to Defendants and by a lessening of the goodwill associated with its products.

34. The false and misleading advertising described herein presents a continuing threat to Plaintiff and members of the public in that Defendants persists and continues to engage in these practices, and Defendants will not cease doing so unless and until forced to do so by this Court.

35. Plaintiff is a non-consumer plaintiff and has suffered and is continuing to suffer economic injuries a result of Defendants' false and misleading advertising. Plaintiff is therefore entitled to an injunction.

# THIRD CAUSE OF ACTION
## VIOLATION OF THE UNFAIR COMPETITION LAW
### [Cal. Bus. & Prof. Code §§ 17200, et seq.]

(Against All Defendants)

36. Plaintiff repeats, realleges, and incorporates herein by this reference all prior allegations.

37. By committing the acts and practices alleged herein, Defendants have violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Class as a whole, by engaging in unlawful, fraudulent, and unfair conduct.

38. **Unlawful Conduct.** Defendants has violated the UCL's proscription against engaging in unlawful conduct as a result of violations of the California law as alleged above.

39. **Unfair Conduct.** Defendants' acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

40. **Fraudulent Conduct.** Defendants' acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

41. Plaintiff is a non-consumer plaintiff and has suffered and is continuing to suffer economic injuries a result of Defendants' unfair business practices.

42. As a result of such unfair competition, Plaintiff has suffered and is suffering irreparable injury and, unless Defendants are enjoined from such unfair competition, will continue to suffer irreparable injury for which Plaintiff has no adequate remedy at law. Defendants should be enjoined from further unlawful, unfair, and deceptive business practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a jury trial and for judgment against Defendants as follows:

1. For the Court to enter an order enjoining Defendants from selling Sebamed products that make fail to comply with the FDA's labeling regulations;
2. For damages and/or restitution as permitted by law;
3. For statutory damages;
4. For punitive damages;
5. An award of attorneys' fees and costs of suit incurred; and
6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial to the extent claims are lawfully permitted a jury trial.

DATED: October 7, 2024                Respectfully submitted,

 /s/ L. David Russell
**RUSSELL LAW, PC**
L. David Russell (Cal. Bar No. 260043)
david@russelllawpc.com
1500 Rosecrans Ave, Suite 500
Manhattan Beach, California 90266
Telephone: (323) 638-7551

*Attorneys for Plaintiff Physician Laboratories, Inc*